Darshan Patel (SBN 312423)
DPA Attorneys at Law
1650 Hotel Circle North, Suite 120
San Diego, CA 92108
(760-372-0007)
dpatel@dpaattorneys.com

Attorneys for Plaintiff
Kishan Patel

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KISHAN PATEL, an individual,<br><br>Plaintiff<br><br>v.<br><br>RALPHS GROCERY COMPANY, an Ohio Corporation; and DOES 1-10, INCLUSIVE,<br><br>Defendants | No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. § 12182(a), et seq.]**<br>2. **Denial of Full and Equal Access [Cal. Civil Code §§ 54 and 54.1]**<br>3. **Violation of the Unruh Act [Cal. Civil Code § 51]**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Defendants are the owners and operators of Ralphs Grocery Store, and their stores located in Irvine, California. Defendants knowingly and intentionally discriminated against Plaintiff KISHAN PATEL, a person known to have a mental disability, by denying him equal access to the grocery store because he uses a service dog to accommodate his disabilities.

2. Plaintiff brings this lawsuit to enforce his rights under the Americans with Disabilities Act and supplementary State laws. He seeks an order requiring Defendant to institute a lawful service animal policy, provide service dog users with full and equal access to the grocery store and its facilities, and train their grocery store staff, including employees and agents in their

- 1 -    Case No.: TBD

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

obligations toward the rights of people disabilities. Plaintiff also seeks damages, attorneys' fees, costs and litigation expenses.

## JURISDICTION

3. This Court has original jurisdiction of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 et seq. (the "ADA").

4. The Judicial District of the United States District Court for the Central District of California has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant 28 U.S.C. §1367(a). All the claims derive from a common nucleus of operative facts and arose out of the same transactions. The State law claims are so related to the federal action that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

## VENUE

5. Venue in the Judicial District of the United States District Court for the Central District of California is in accordance with 28 U.S.C. § 1391(b) because Plaintiff's claim arose with this Judicial District and the property that is the subject of this action is located in this District in the City of Irvine and the County of Orange, California.

## THE PARTIES

6. Plaintiff KISHAN PATEL ("PATEL") is a person with a disability as defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

7. On January 26, 2021, Kishan purchased a cockapoo named Gigi from a local family who had a litter of puppies. Gigi received training from Grant Noble, a professional dog trainer. Gigi conducted six months of training with ten sessions and temperament assessments before she was fully trained. The training included countless hours of repetition which included learning commands and experience working in different environments. Kishan and Gigi worked together to fine tune her familiarity with the jobs she's tasked to do, which included reminding Kishan to take medication and to mentally stabilize him during panic attacks. Gigi and Kishan go everywhere together. She is an essential service companion for Kishan in being able to go about his daily life.

8. Defendant RALPHS GROCERY COMPANY, an Ohio Corporation; are at all times relevant to the Complaint were, businesses or corporations organized and existing and/or doing business under the laws of the State of California. Based upon a review of public records, Plaintiffs are informed and believes and based thereon alleges, that the above-named Defendant is the owner and/or operator of the 17605 Harvard Ave, Irvine, CA 92614 ("the Store").

9. Defendant is the owner and operator of the Store as a public accommodation open to the public under the laws of the United States and the State of California. During all times relevant to the Complaint, Defendant operated and continues to operate as a business establishment under the laws of the State of California because they provide goods, services and/or facilities in exchange for money.

## STATEMENT OF FACTS

### DEFENDANT'S INTENTIONALLY DISCRIMINATORY PRACTICES

10. Plaintiff on March 8, 2021, went to the Defendant's Store to pick up groceries. On arrival, Plaintiff and his service dog entered the store to begin grocery shopping. Upon entering the Store, Plaintiff was approached by the Store's manager Hector ("the Manager"). The Manager told Plaintiff that his service dog was not allowed in the Store. Plaintiff told the Store manager that Gigi was a service animal and is allowed to be in the Store. The Manager instead of asking any of the allowed questions under the ADA, proceeded to (in violation of the ADA) demand that Plaintiff show some form of documentation that stated Gigi is a service animal. Plaintiff correctly told the Manager that he didn't have the right to ask for any form of documentation. The Manager once learning that he was in violation of the ADA continued to demand documentation. Plaintiff's anxiety at this point had skyrocketed during this situation and to avoid having the matter become even more stressful showed the Manager his service animal certification. Following the show of identification, the Manager allowed Plaintiff to bring his service animal into the store. However, after going through this terrible ordeal, Plaintiff was unable to shop at the Store as he was clearly being discriminated against for using a service animal. As a result, Plaintiff decided that it was in the best interest of both himself and his service dog to leave the Store and return to the car, as he felt that his service dog was not welcome in the Store.

11. The 35-year-old federal obligation to provide equal access to service dogs is well known to the general public. Furthermore, based upon the national brand recognition of Ralphs Grocery Store, and upon the sheer size and sophistication of their operations, Plaintiff is informed and believes and thereupon alleges that Defendant, is a sophisticated business. Defendant is familiar with the disability access requirements that apply to their facilities and have applied for decades. Based upon the fact that Defendant must have been aware of their obligations to their disabled patrons, yet still made multiple illegal demands to Plaintiff for service animal documentation, it is clear that Defendant's behavior is intentional. They maintain discriminatory policies and practices in conscious disregard of the civil rights of Plaintiff and others similarly situated.

I. **FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants) (Title III, 42 U.S.C §12181 et seq.)

12. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein the allegations contained in all prior paragraphs of this complaint.

13. Plaintiff was denied full and equal enjoyment of and access to Defendant's goods, services, facilities, privileges, advantages and/or accommodations in violation of the Americans with Disabilities Act of 1990 (the "ADA"). The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any of public accommodation by any person who owns, leaves, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.

14. Plaintiff has mental disabilities as mentioned above. His anxiety issues substantially limit major life activities including day to day activities such as grocery shopping. *See* 42 U.S.C. section 12102(2)(A). As stated, Plaintiff has a qualified mental disability defined under 42 U.S.C. section 12102.

15. Defendant owns, leases and/or operates a public accommodation as defined in 42 U.S.C. §12181(7). The manner in which Defendant provided services failed to provide full and

equal access to their goods and services in public accommodations as required generally by 42 U.S.C. §§ 12182(a) and 12182(b)(1)(A)(i)-(iii):

    (i) Denial of participation It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

    (ii) Participation in unequal benefit It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.

    (iii) Separate benefit It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others.

16. The manner in which Defendant provided services also failed to provide full and equal access to their goods and services in public accommodations as required by 42 U.S.C. section 12182(b)(2)(A)(ii)), prohibiting "failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."

17. The ADA specifically authorizes Plaintiffs to be accompanied by a service dog into any public accommodation. "Generally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1). A dog may not be required to be leashed if leashing would interfere with the performance of its duties. *Id.* at (c)(4). Service dog users must be allowed access to the same scope of facilities as other customers. *Id.* at (c)(7). They may not be assessed a surcharge, even if pet owners pay a surcharge. *Id.* at (c)(8).

18. Based on the facts and allegations pled herein, Defendant violated the ADA. They failed and refused to reasonably modify their policies, practices and procedures to assist Plaintiff and/or others similarly situated in equally enjoying and utilizing Defendant's services, facilities, privileges, advantages or accommodations, as required by the ADA. Additionally, Defendant conspicuously failed to adopt required policies and procedures to allow people with disabilities to use the Store facilities on a full and equal basis with others, relegating service

19. Given its location and options, Plaintiff will continue to desire to patronize the businesses at Defendant's real property, but he has been and will continue to be discriminated against due to the lack of accessible facilities, and therefore, seeks injunctive relief to remove the barriers.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

20. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

21. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

22. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

23. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the Plaintiff, the Defendants are responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

24. Defendant's failure to adopt and modify policies and procedures are patent barriers to people with mobility disabilities and are of an obvious and intuitive nature. Plaintiff allege Defendant's actions demonstrate an intent to deny Plaintiff's rights. Defendant took affirmative

steps to discriminate: The policy was written in advance and approved by Defendant. Plaintiff told Defendant that their policy was illegal, and yet they demanded Plaintiff provide a form of documentation for his service dog. Plaintiff is informed and believes and based thereon allege that Defendant intentionally maintained an illegal policy and failed to adopt or modify policies and procedures to provide access to Plaintiff and persons similarly situated.

25. Defendant's acts and omissions caused Plaintiff suffering in that these actions treat Plaintiff as inferior and a second-class citizen on the sole basis that he is a person with disabilities. Defendant drew unwanted and unwarranted attention to Plaintiff's disabilities. Plaintiff experienced difficulty and anxiety and delay and felt embarrassed and self-conscious in the grocery store as a result of Defendants' discrimination.

26. Plaintiff wishes to return to and patronize the grocery store. However, Plaintiff is unable to achieve equal access to and use of the Store managed by Defendant, so long as such acts and omissions of Defendant continue and therefore Plaintiff is deterred from using Defendant's facilities and services until the discriminatory policy ends. Defendant's actions have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks a prohibitory or mandatory injunction under Civil Code section 52 (c)(3) to require the Defendant to cease employees from demanding service animal documentation and establish a lawful service dog policy, and to train their employees in providing accommodations to persons with disabilities; and to otherwise comply with the ADA and State law to the extent required by Section 51 of the California Civil Code.

**III.    THIRD CAUSE OF ACTION: (On behalf of Plaintiff and against all Defendants)** For Denial of Full and Equal Access in Violation of California Civil Code Sections 54 and 54.1.

27. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28. Defendant has discriminated against Plaintiff and violated their rights under the Disabled Persons Act (DPA), Civil Code sections 54 and 54.1. The DPA prohibits discrimination against physically disabled persons because of their disabilities and mandates they shall have full and equal use of public facilities and other public places.

29. Plaintiffs is an individual with a mental disability as defined in California Government Code section 12926.

30. Defendant is a public accommodation, in that they provide as a grocery store facilities and services to the general public.

31. California Civil Code section 54.1 (a)(1) provides as follows:

> Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

32. The DPA specifically prohibits discrimination against service dog users: Section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

33. In addition, each violation of the Americans with Disabilities Act of 1990 constitutes a violation of sections 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law. Plaintiffs allege that they have been denied such full and equal access as required by California law which incorporates Title III of the ADA.

34. Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in sections 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under sections 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court. "'Interfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

35. These violations of Plaintiffs' rights have resulted in the denial to Plaintiff of full and equal access to the goods and services offered at Defendant's grocery store and has caused Plaintiff to suffer the damage and harms set forth and alleged in this Complaint. Defendant's acts and omissions caused Plaintiff suffering in that these actions treat Plaintiff as inferior and a second-class citizen on the sole basis that he is a person with disabilities. Defendants drew unwanted and unwarranted attention to Plaintiff's disabilities. Plaintiff experienced difficulty and delay and felt embarrassed and self-conscious in the grocery store as a result of Defendant's discrimination.

36. Defendant's failure to adopt and modify policies and procedures are patent barriers to people with mobility disabilities and are of an obvious and intuitive nature. Plaintiff alleges that Defendant's actions demonstrate an intent to deny Plaintiff's rights. Defendant took affirmative steps to discriminate: The policy was written in advance and approved by Defendant. Plaintiff told Defendant that their policy was illegal, and yet they demanded Plaintiff provide a form of documentation for his service dog. Plaintiff is informed and believes and based thereon allege that Defendant intentionally maintained an illegal policy and failed to adopt or modify policies and procedures to provide access to Plaintiff and persons similarly situated.

## **PRAYER FOR RELIEF**

A. For injunctive relief pursuant to 42 U.S.C. § 12188 and Civil Code section 52(c)(2). Plaintiffs request that this Court enjoin Defendants from continuing to do business until they come into compliance with the ADA and California laws; or in the alternative, that this Court issue a mandatory injunction requiring Defendants to establish a lawful service dog policy, to train their employees and agents in providing accommodations to persons with disabilities; and to otherwise comply with disability rights laws. Plaintiffs do not request any injunctive relief pursuant to section 55 of the California Civil Code;

B. For general and special damages pursuant to Civil Code sections 52, 54.3, 3281 and 3333;

C. For a trebling of actual damages, but in no event less than $4,000 in damages pursuant to Civil Code section 52 for each and every violation of section 51;

D. In the alternative to the damages pursuant to Civil Code section 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages pursuant to Civil Code section 54.3 for each and every violation of section 54.1 and/or section 54;

E. For attorneys' fees and costs pursuant to Civil Code sections 52 and 54.3, and Code of Civil Procedure section 1021.5; and

F. For such other further relief as the Court deems proper.

Dated: February 28, 2022          DPA Attorneys at Law

                                  By: /s/ Darshan Patel
                                  Darshan Patel, Esq.
                                  Attorney for Plaintiff
                                  Kishan Patel